No. 202

LEIPOLD v. STATE

Ohio Appeals, 3rd Dist., Logan Co.

No. 749. Decided Feb. 5, 1927

661. INTOXICATING LIQUOR—The act of lifting up and breaking a bottle containing intoxicating liquor, does not tend to prove possession as the word is used in the Crabbe Act.

First Publication of this Opinion

WARDEN, J.

Le Roy Liepold was convicted of possessing intoxicating liquor. Error was prosecuted to reverse the judgment of conviction.

The evidence tended to show that Liepold lifted up and broke a glass bottle containing liquor, during a raid on a cottage owned by his father; and that after his arrest admitted that he owned the stuff and that his father knew nothing about it.

The father was arrested at the same time, for possession of the same liquor, plead guilty and was fined. It is claimed by defendant herein, that this evidence is not sufficient to prove him guilty of the crime charged beyond a reasonable doubt. The Court of Appeals held:

1. If the admission by Leipold that "the stuff belonged to him and his father knew nothing about it," tended to prove the offense charged, nevertheless, taken in connection with the evidence given by the State that the father was the owner of the cottage; that he was charged with possession of the same liquor and plead guilty to the charge, etc., greatly weakens the force of defendant's admission.

2. "Receiving bottle of liquor from possessor, drinking and returning the bottle, will not support conviction of receiver, of illegal possession."

3. The act of lifting up and breaking the bottle containing intoxicating liquor, does not tend to prove possession as the word is used in the Crabbe Act.

4. The evidence is insufficient to prove Liepold guilty beyond a reasonable doubt.

Judgment reversed and cause remanded.

(Before Judges Warden, Crow & Hughes.)

Attorneys—Blank & Blank, Lima, for Liepold; Elmer L. Godwin, Bellefontaine, for State.